# United States Court of Appeals
## For the First Circuit

---

No. 25-1348

NEW HAMPSHIRE INDONESIAN COMMUNITY SUPPORT; LEAGUE OF UNITED
LATIN AMERICAN CITIZENS; MAKE THE ROAD NEW YORK,

Plaintiffs, Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the
United States; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI
NOEM, in her official capacity as Secretary of the U.S.
Department of Homeland Security; U.S. DEPARTMENT OF STATE; MARCO
RUBIO, in his official capacity as Secretary of the U.S.
Department of State; U.S. DEPARTMENT OF AGRICULTURE; BROOKE L.
ROLLINS, in her official capacity as Secretary of the U.S.
Department of Agriculture; CENTERS FOR MEDICARE AND MEDICAID
SERVICES; MEHMET OZ, in his official capacity as Administrator
of the Centers for Medicare and Medicaid Services,

Defendants, Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph N. Laplante, U.S. District Judge]

---

Before

Barron, Chief Judge,
Rikelman and Aframe, Circuit Judges.

---

Eric D. McArthur, Deputy Assistant Attorney General, with
whom Yaakov M. Roth, Acting Assistant Attorney General, Mark R.
Freeman, Sharon Swingle, Brad Hinshelwood, and Derek Weiss,
Attorneys, Appellate Staff, Civil Division, U.S. Department of
Justice, were on brief, for appellants.

Cody Wofsy, with whom Hannah Steinberg, Stephen Kang, Spencer Amdur, American Civil Liberties Union Foundation Immigrants' Rights Project, San Francisco, CA, SangYeob Kim, Gilles R. Bissonnette, Henry Klementowicz, Chelsea Eddy, American Civil Liberties Union of New Hampshire, Concord, NH, Grace Choi, Noor Zafar, Lee Gelernt, Omar Jadwat, American Civil Liberties Union Foundation Immigrants' Rights Project, New York, NY, Morenike Fajana, Ashley Burrell, Elizabeth Caldwell, NAACP Legal Defense & Educational Fund, Inc., New York, NY, Morgan Humphrey, Mide Odunsi, NAACP Legal Defense & Educational Fund, Inc., Washington, DC, Christopher M. Lapinig, Kimberly Wei Leung, Winifred Kao, Asian Law Caucus, San Francisco, CA, Carol Garvan, Zachary L. Heiden, American Civil Liberties Union of Maine Foundation, Portland, ME, Adriana Lafaille, and American Civil Liberties Union Foundation of Massachusetts, Boston, MA, were on brief for appellees New Hampshire Indonesian Community Support and Make the Road New York.

Cody Wofsy, with whom Hannah Steinberg, Stephen Kang, Spencer Amdur, American Civil Liberties Union Foundation Immigrants' Rights Project, San Francisco, CA, SangYeob Kim, Gilles R. Bissonnette, Henry Klementowicz, Chelsea Eddy, American Civil Liberties Union of New Hampshire, Concord, NH, Grace Choi, Noor Zafar, Lee Gelent, Omar Jadwat, American Civil Liberties Union Foundation Immigrants' Rights Project, New York, NY, Morenike Fajana, Ashley Burrell, Elizabeth Caldwell, NAACP Legal Defense & Educational Fund, Inc., New York, NY, Morgan Humphrey, Mide Odunsi, NAACP Legal Defense & Educational Fund, Inc., Washington, DC, Christopher M. Lapinig, Kimberly Wei Leung, Winifred Kao, Asian Law Caucus, San Francisco, CA, Carol Garvan, Zachary L. Heiden, American Civil Liberties Union of Maine Foundation, Portland, ME, Adriana Lafaille, American Civil Liberties Union Foundation of Massachusetts, Boston, MA, Norm Eisen, Tianna Mays, and Democracy Defenders Fund, Washington, DC, were on brief for appellee League of United Latin American Citizens.

Matt A. Crapo, Christopher J. Hajec, Gabriel R. Canaan, and Immigration Reform Law Institute, on brief for Immigration Reform Law Institute as amicus curiae supporting appellants.

William J. Olson, Jeremiah L. Morgan, William J. Olson, P.C., Jeffrey C. Tuomala, Michael Boos, and Citizens United, on brief for America's Future, et al. as amici curiae supporting appellants.

Judd E. Stone II, Christopher D. Hilton, Ari Cuenin, Stone Hilton PLLC, Daniel Z. Epstein, and America First Legal Foundation, on brief for Former National Security Official Joshua Steinman as amicus curiae supporting appellants.

Wendy M. Feng, Lori Chen, Owen R. Wolfe, Seyfarth Shaw, LLP, Rahat N. Babar, Edgar Chen, Chris M. Kwok, and National Asian

Pacific American Bar Association, on brief for National Asian Pacific American Bar Association, et al. as amici curiae supporting appellees.

Jonathan D. Hacker, Arjun A. Shenoy, Anthony S. Wang, O'Melveny & Myers, LLP, Robert S. Chang, Susan McMahon, Fred T. Korematsu Center for Law and Equality, UC Irvine School of Law, Bethany Li, Niji Jain, Razeen Zaman, Asian American Legal Defense and Education Fund, Jessica Levin, Melissa R. Lee, and Center for Civil Rights and Critical Justice, Ronald A. Peterson Law Clinic, Seattle University School of Law, on brief for Fred T. Korematsu Center for Law, et al. as amici curiae supporting appellees.

James J. Pastore, Stephanie D. Thomas, Natalie Tsang, Chester S. Dubov, Debevoise & Plimpton LLP, Edward G. Caspar, Olivia N. Sedwick, and Lawyers' Committee for Civil Rights Under Law, on brief for National Association for the Advancement of Colored People, et al. as amici curiae supporting appellees.

Jonathan Weinberg, Distinguished Professor of Law, Wayne State University, Linus Chan, Clinical Professor of Law, University of Minnesota, Douglas Jensen, Michael Bass, and Sher Tremonte LLP, on brief for American Immigration Lawyers Association as amicus curiae supporting appellees.

Elizabeth B. Wydra, Brianne J. Gorod, Smita Ghosh, Anna K. Jessurun, and Constitutional Accountability Center, on brief for Scholars of Constitutional Law and Immigration as amici curiae supporting appellees.

DeAnna D. Allen, Kristen A. Johnson, Erinma E. Man, Aristides I. Hadjipanteli, Nachiketa Baru, Cooley LLP, Tsion Gurmu, and Black Alliance for Just Immigration, on brief for Black Alliance for Just Immigration, et al. as amici curiae supporting appellees.

Brendan Benedict and Benedict Law Group PLLC, on brief for Originalist Scholars Evan Bernick and Jed H. Shugerman as amici curiae supporting appellees.

Douglas E. Lieb and Kaufman Lieb Lebowitz & Frick LLP, on brief for Immigration Law Scholars as amici curiae supporting appellees.

Richard B. Kendall and Kendall Brill & Kelly LLP, on brief for Historians Martha S. Jones and Kate Masur as amici curiae supporting appellees.

Neel Chatterjee, Andrew Ong, Ishika Desai, Dena Kia, and Goodwin Proctor LLP, on brief for Professor Erika Lee, et al. as amici curiae supporting appellees.

Anna M. Baldwin, Danielle Lang, Campaign Legal Center, Angelo Ancheta, and Dēmos, on brief for Secure Families Initiative as

amicus curiae supporting appellees.

Jonathan B. Miller, Elaine Poon, Katherine Courtney, Zarah Rahman, Public Rights Project, Henry Quillen, and Whatley Kallas LLP, on brief for Local Governments and Local Government Officials as amici curiae supporting appellees.

---

October 3, 2025

---

BARRON, **Chief Judge**.    In this appeal, the President of the United States and various federal agency officials, as well as their agencies (collectively, the Government), challenge a preliminary injunction that the United States District Court for the District of New Hampshire issued on February 10, 2025.    The injunction bars enforcement of Executive Order No. 14160, titled "Protecting the Meaning and Value of American Citizenship" (the EO).    The EO announces as its "purpose" the denial of United States citizenship to children born here whose fathers are neither a United States citizen nor a lawful permanent resident alien and whose mothers are, at the time of birth, in this country either unlawfully or lawfully but only temporarily.    90 Fed. Reg. 8449 (Jan. 20, 2025).    In addition, it sets forth various directives to heads of Executive Branch agencies to accomplish this purpose. Id. at 8449-50.

We affirm in part and vacate in part, largely for the reasons set forth in Doe v. Trump, Nos. 25-1169 & 25-1170, slip op. (1st Cir. Oct. 3, 2025).

## I.

The plaintiffs in this case are three membership-based nonprofit organizations: New Hampshire Indonesian Community Support, League of United Latin American Citizens, and Make the Road New York.    In their complaint, the organizations assert that they all have members whose children will be denied citizenship

- 5 -

under the EO.  Each organization identified by pseudonym at least one member who is expecting a child that is covered by the EO.

The individual defendants, all of whom are sued in their official capacities, are President Trump, the Secretary of the U.S. Department of Homeland Security (DHS), the Secretary of the U.S. Department of State (DOS), the Secretary of the U.S. Department of Agriculture (USDA), and the Administrator of the Centers for Medicare and Medicaid Services (CMS).  The agency defendants are DHS, DOS, USDA, and CMS.

The complaint alleges that the EO violates the Citizenship Clause, U.S. Const. amend. XIV, § 1; the Immigration and Nationality Act, 8 U.S.C. § 1401(a); and the Administrative Procedure Act (APA), 5 U.S.C. § 706(2).  It seeks a declaratory judgment that the EO is unconstitutional and unlawful and preliminary and permanent injunctions barring the defendants from enforcing it.

The District Court determined that the plaintiffs had a cause of action to seek injunctive relief, see Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 327 (2015), and were likely to succeed on the merits of their claims that the EO violates the Citizenship Clause and § 1401.[1]  The District Court further determined that the equitable factors favored the

_____

[1] The District Court did not assess the plaintiffs' APA claims.

- 6 -

plaintiffs.  It issued a preliminary injunction that enjoined all defendants "from enforcing [the EO] in any manner with respect to the plaintiffs, and with respect to any individual or entity in any matter or instance within the jurisdiction" of that court while the litigation is pending.  At a later hearing, the District Court clarified the injunction's scope, explaining that it applies to all members of the plaintiff organizations but not to nonparties.

The Government appealed the preliminary injunction on April 10, 2025.  We heard oral argument in this appeal together with the appeals of two similar preliminary injunctions that had been issued by the United States District Court of Massachusetts. See Doe v. Trump, 766 F. Supp. 266 (D. Mass. 2025).  We have resolved those appeals in a separate opinion that we also issue today.  Doe v. Trump, Nos. 25-1169 & 25-1170, slip op. (1st Cir. Oct. 3, 2025).

## II.

To obtain a preliminary injunction, a plaintiff must show (1) that it "is likely to succeed on the merits," (2) that it "is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  We review the grant of a preliminary injunction for abuse of discretion, although we review the legal issues de novo and the factual

findings for clear error.  See Ocean State Tactical, LLC v. Rhode Island, 95 F.4th 38, 42 (1st Cir. 2024).

### III.

The Government does not challenge the District Court's cause-of-action ruling or the Article III standing of the plaintiffs.  Although the District Court did not address Article III standing, we have an independent obligation to make sure that the plaintiffs have met their requisite burden at this stage of the litigation to show such standing exists.  Roe v. Healey, 78 F.4th 11, 21 n.8 (1st Cir. 2023).  We see no basis for concluding that any of the plaintiffs have failed to do so.

The plaintiffs allege that the EO will injure some of their members, through directives to some of the named defendants, by preventing their children from obtaining official federal documents the issuance of which they are entitled to have as United States citizens.  They further allege that the EO will injure some of their members, through directives to other named defendants, by preventing them from receiving assistance under federal programs that they are entitled to receive as United States citizens.  The Government does not dispute plaintiffs' allegations that the EO will prevent the organizations' members from receiving the documents or assistance in question.  Because that alleged (and uncontested) consequence of the EO's enforcement accords with the EO's express purpose, see 90 Fed. Reg. 8449, we see no reason to

- 8 -

conclude that the plaintiffs have failed to make the requisite showing at this stage of the litigation as to the elements of Article III standing for their members, just as we saw no reason to conclude that the plaintiff organizations in Doe failed to make that showing, see slip op. at 18-19.  Moreover, each of the organizations has set forth allegations that suffice to establish at this stage of the litigation that they have associational standing to represent their injured members as to their § 1401 and Citizenship Clause claims. See Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 343 (1977); Doe, slip op. at 18-19.

The question of Article III standing aside, we also see no basis for concluding that the District Court erred in determining that the plaintiffs are likely to succeed on the merits of their claims based on § 1401 and the Citizenship Clause.[2]  See

---

[2] We note that in arguing that the plaintiffs are not likely to succeed in showing that the EO and its enforcement would be unlawful under § 1401 and the Citizenship Clause, the Government largely makes the same arguments that we conclude in Doe are unpersuasive. See Doe, Nos. 25-1169 & 25-1170, slip op. at 41-89 (1st Cir. Oct. 3, 2025).  However, the Government also cites in its briefing to us in this case three nineteenth-century state statutes regarding state citizenship to show that "[s]tates adopted" the understanding that "children of temporarily present aliens were not citizens."  (Citing Cal. Pol. Code § 51(1) (1872); N.D. Pol. Code. § 11(1) (1895); Mont. Pol. Code § 71(1) (1895).) These statutes, however, predate United States v. Wong Kim Ark, 169 U.S. 649 (1898), which we explained in Doe construed the Citizenship Clause in a manner that would entitle the children that the EO covers to claim United States citizenship at birth. The Government develops no argument that the fact that these measures were on the books prior to Wong Kim Ark somehow suffices to show that Wong Kim Ark cannot be understood to have decided

Doe, slip op. at 36-37.  Nor do we see any basis -- again based on our reasoning in Doe -- for concluding that they have failed to show what they must with respect to the equitable factors.  See id. at 90-91.

That leaves only the issues concerning the scope of the preliminary injunction that the Government raises.  The Government points out that the injunction runs against the President directly. Enjoining the President raises significant and distinct issues, see Franklin v. Massachusetts, 505 U.S. 788, 802-03 (1992), and the District Court did not address them or explain why it was necessary for the injunction to run against him, insofar as it also runs against the agency officials.  We thus conclude that it was an abuse of discretion to enjoin this defendant and vacate the injunction in that respect.  We note, too, as we did in Doe regarding the injunctions at issue there, that the injunction runs against the agencies themselves, even though the underlying cause of action is an equitable action for injunctive relief against agency officials.  See Doe, slip op. at 7 n.2.  We thus also conclude that the injunction must be limited to apply only to agency officials.  See Armstrong, 575 U.S. at 327 ("[R]elief may be given in a court of equity . . . to prevent an injurious act by

_____

what we held in Doe it decided.  Nor, for that matter, do we see that any such argument could succeed, for the reasons we explained in Doe.  See Doe, slip op. at 80-86.

a public officer." (second alteration in original) (emphasis added) (quoting Carroll v. Safford 44 U.S. (3 How.) 441, 463 (1845))); cf. FDIC v. Meyer, 510 U.S. 471, 475 (1994) (stating sovereign immunity ordinarily bars suit against federal government and its agencies).

The Government separately takes issue with the preliminary injunction on the ground that it is overbroad because, in the Government's view, it affords relief to the organizations' members who do not have Article III standing.  Such relief, it says, is inequitable and beyond federal courts' Article III authority.  Therefore, the Government argues, the injunction "should be limited to those identified members whose standing is established and who undoubtedly would be bound by the judgment."

We understand the injunction to apply only to the enforcement of the EO against the children that the EO covers. When an organization establishes Article III standing on its members' behalf, the remedy "inure[s] to the benefit of those members of the association actually injured." Warth v. Seldin, 422 U.S. 490, 515 (1975).  In their complaint, each organization alleges that it has "members whose children will be denied citizenship" under the EO and each identified at least one such member.  We do not understand the organizations' allegations that they have affected members to refer to solely the specific members identified in their complaint.  Nor do we see any reason to,

- 11 -

particularly when the Government appears to concede in its brief that the organizations have more members whose children will be covered by the EO than just those specifically identified (by pseudonym) in the complaint.  At this stage in the proceedings, the plaintiffs need only make a clear showing that they are "<u>likely</u> to suffer irreparable harm."  <u>Winter</u>, 555 U.S. at 20 (emphasis added).  We conclude that they have made that showing with respect to their members that were alleged in the complaint to be denied citizenship by the EO and its enforcement.  Thus, we do not understand the injunction to apply to any members without Article III standing.

To the extent that the Government's objection is to the practicalities of the injunction's operation, we think such clarification is best addressed in the District Court.  While the Government complains that it does not know to whom, precisely, the injunction applies (and therefore to whom, precisely, res judicata applies), we note that the District Court invited the parties to develop a procedure to ensure that all have proper notice of the organizations' members.  The Government, however, has yet to do so.

**IV.**

The District Court's preliminary injunction is **<u>affirmed</u>** in part, **<u>vacated</u>** in part, and remanded for further consideration consistent with this opinion.

- 12 -